UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:15-CR-13 |
| ) | |
| STEVEN M. SMITH ) | |

**OPINION AND ORDER**

Defendant pled guilty to a single count of attempting to distribute heroin in October *2017*. In the intervening two-and-one-half years, a delay occasioned almost entirely by Defendant's various health conditions, Defendant has filed several sentencing objections, memoranda, and motions with the Court. Up for determination today is what Defendant has called his Fourth Amended/Supplemental Sentencing Brief. This brief raises two objections to Defendant's guideline calculation: (1) Defendant asserts that his state court felony marijuana conviction from 2001 is not a "controlled substance offense" for the purposes of USSG § 4B1.1(a); and (2) he claims that the instant offense is not a "controlled substance offense" under the same guideline provision.

The second objection was already overruled by the Court during the December 4, 2019, telephonic status conference for the reasons set forth in the Government's October 17, 2019, Sentencing Brief (ECF No. 146), which have been repeated in its most recent sentencing filing (ECF No. 161). The Seventh Circuit has expressly held that attempt crimes fall under the definition of controlled substance offenses, *United States v. Adams*, 934 F.3d 720 (7th Cir. 2019), rejecting the case law relied upon by Defendant, *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Defendant has offered nothing new in support of this previously-overruled objection, so the Court will not revisit this issue herein.

Defendant's first objection raises one of the more complex issues facing district courts today. Under the U.S. Sentencing Guidelines, an adult defendant is a career offender if he is convicted of a crime of violence or a controlled substance offense, and if he has at least two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). Under the career offender provisions, a "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The definition includes "aiding and abetting, conspiring, and attempting to commit such offenses," U.S.S.G. § 4B1.2 cmt. n. 1.

As noted above, the conviction at issue here was a felony marijuana conviction. The relevant statute, Ind. Code § 35-48-4-10, stated at the time of the conviction:

> (a) A person who:
>     (1) knowingly or intentionally:
>         (A) manufactures;
>         (B) finances the manufacture of;
>         (C) delivers; or
>         (D) finances the delivery of;
> marijuana, hash oil, or hashish, pure or adulterated; or
>     (2) possesses, with intent to:
>         (A) manufacture;
>         (B) finance the manufacture of;
>         (C) deliver; or
>         (D) finance the delivery of;
> marijuana, hash oil, or hashish, pure or adulterated;
> commits dealing in marijuana, hash oil, or hashish, a Class A misdemeanor, except as provided in subsection (b).
>
> (b) The offense is:
>     (1) a Class D felony if:
>         (A) the recipient or intended recipient is under eighteen (18) years of age;

2

>(B) the amount involved is more than thirty (30) grams but less than ten (10) pounds of marijuana or two (2) grams but less than three hundred (300) grams of hash oil or hashish; or
>(C) the person has a prior conviction of an offense involving marijuana, hash oil, or hashish

I.C. § 35-48-4-10 (2001). Defendant argues that the reference in subsections (a)(1) and (a)(2) to "financ[ing]" renders the Indiana statute broader than the definition of a controlled substance offense in USSG § 4B1.1(b). Because I.C. § 34-48-4-10 could have been violated in ways that would not constitute a controlled substance offense, Defendant claims, it cannot be used as a prior conviction to qualify him as a career offender.

To determine whether a prior conviction is a controlled substance offense for purposes of the Guidelines, courts apply a "categorical approach," whereby they "focus solely on . . . the elements of the crime of conviction . . . while ignoring the particular facts of the case" to see if those elements "match" the elements of the "generic" offense. *Mathis v. United States*, ––– U.S. –––, 136 S.Ct. 2243, 2248 (2016). If the elements of the crime of conviction are the same as, or narrower than, the elements of the generic version of the offense, the crime of conviction qualifies as a predicate offense. *Id.* at 2247–48. If the elements are broader, we ask whether the statute is "divisible." A statute is divisible if it lists elements in the alternative, thereby defining multiple crimes. *Id.* at 2249. When analyzing a divisible statute, a sentencing court applies a "modified categorical approach." *Id.* Under that approach, the court reviews "a limited class of documents"— known as "Shepard documents"—"to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The court then "compare[s] that crime . . . with the relevant generic offense." *Id.*

Here, the Court agrees with Defendant that I.C. § 35-48-4-10 is broader than the definition of controlled substance offense in USSG § 4B1.1(b). Therefore, the Court must determine whether

3

the Indiana statute is divisible. To do so, we must discern whether the statute lists alternative elements or alternative means. *Id*. at 2256. "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id*. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)). Means are factual circumstances or events; "they need neither be found by a jury nor admitted by a defendant." *Id*. (citing Black's Law Dictionary 709).

The parties here debate the divisibility of I.C. § 35-48-4-10 by offering differing interpretations of Seventh Circuit case law interpreting a different but similar statute addressing cocaine, Ind. Code 35-48-4-1. The Court, however, does not believe it is necessary to resort to interpretation by analogy. "Sometimes [the divisibility] inquiry is straightforward, either because a state court has decided that the statute's alternatives are elements or means, or because it is indisputable from the plain language of the statute that the alternatives are elements or means." *United States v. Smith*, 921 F.3d 708, 713 (7th Cir. 2019). Both the Indiana Supreme Court and the Indiana Court of Appeals have described the various subsections in I.C. § 35-48-4-10(a)(1) and (a)(2) as different, if lesser included, offenses. *See*, *e.g.*, *Cyrus v. State*, 381 N.E.2d 472, 474–75 (Ind. 1978) (describing possession of marijuana as a lesser included offense of delivering marijuana); *Mudd v. State*, 483 N.E.2d 782, 784 (Ind. Ct. App. 1985) (describing "possession of marijuana with intent to deliver" as a lesser included offense of delivering marijuana and "possession with intent to manufacture" as a lesser included offense of manufacturing marijuana); *Haynes v. State*, 411 N.E.2d 659, 661 n.3 (Ind. Ct. App. 1980) (possession of marijuana a lesser included offense of delivery). These cases make it clear that not only are subsections (a)(1) and (a)(2) different crimes, but so too are the four sub-subsections within those crimes. Based on these Indiana authorities, a determination that I.C. § 35-48-4-10 is divisible is "straightforward."

4

*United States v. Garcia*, 948 F.3d 789 (7th Cir. 2020), relied upon by Defendant, does not change this analysis. Defendant is correct in noting that *Garcia* found the list of controlled substances in I.C. § 35-48-4-10 to be indivisible. *Garcia*, 948 F.3d at 794. But divisibility is not an either-or proposition; different portions of the same statute can be divisible or indivisible, depending on the language. *See*, *e.g.*, *United States v. Sykes*, 598 F.3d 334, 339 (7th Cir. 2010) ("This particular portion of the statute is not divisible."). As such, a finding that an unrelated portion of the statute is indivisible does not require the same finding for every portion of the statute. The Indiana authorities cited above plainly demonstrate the divisibility of the elements described in subsections (a)(1) and (a)(2), a determination that is unaffected by the analysis in *Garcia*.

A finding of divisibility in hand, the Court can avail itself of the Shepard documents provided by the Government. As the Government notes, the charging documents for the relevant state court conviction alleged that Defendant "did knowingly or intentionally possess with intent to deliver, marijuana." (ECF No. 161-1 at 7). Under *Smith*, a conviction for delivery of a controlled substance qualifies as a predicate controlled substance offense for career offender purposes. *Smith*, 921 F.3d at 715. Defendant's 2001 conviction, then, was a controlled substance offense, and Defendant's objection must be overruled.

For the foregoing reasons, the guideline objections in Defendant's Fourth Amended/Supplemental Sentencing Brief (ECF No. 160) are OVERRULED.

SO ORDERED on May 15, 2020.

     s/ Holly A. Brady
     JUDGE HOLLY A. BRADY
     UNITED STATES DISTRICT COURT